IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL L. SPUCK,
    Petitioner,
v.
J. F. MAZURKIEWICZ,
Superintendent, S.C.I. Rockview,
    Respondent

Case No. 3:13-cv-3-KRG-KAP

Order, Report and Recommendation

Order and Recommendation

Plaintiff Daniel Spuck has filed another habeas corpus petition, and a motion for leave to proceed *in forma pauperis*. docket no. 1. The *in forma pauperis* motion is granted. The petition should be transferred to the Court of Appeals or dismissed as an abuse of the writ.

Report

This is at least the fourth federal habeas petition by Daniel L. Spuck attacking the 11-22 year sentence imposed on him in 1996 by the Court of Common Pleas of Clearfield County, after a jury convicted him of third degree murder for the stabbing death of Michael Cramer and of an assault on Cindy Spuck. See Spuck v. Stowitsky, Case No. 03:06-cv-39-KRG-KAP (W.D.Pa. December 6, 2006), certificate of appealability denied, No. 07-1091 (3d Cir. June 12, 2007); Spuck v. Stowitsky, Case No. 03:08-cv-276-KRG-KAP (W.D.Pa. December 29, 2008), application to file successive petition denied, No. 09-1051 (3d Cir. February 20, 2009); and Spuck v. Harlow, Case No. 03:10-cv-114-KRG-KAP (W.D.Pa. June 11, 2010), application to file successive petition denied, No. 10-2756 (3d Cir. August 10,

2010). See also Spuck v. Commonwealth, Case No. 03:11-cv-125-KRG-KAP (W.D.Pa. June 30, 2011), aff'd per curiam, No. 11-3167 (3d Cir. January 4, 2012)(civil rights complaint for DNA testing).

The abuse of the writ doctrine bars presentation in a habeas petition of claims that were already presented or that could have been presented in an earlier petition. See McCleskey v. Zant, 499 U.S. 467, 494-95 (1991); Goldblum v. Klem, 510 F.3d 204, 215 (3d Cir.2007). Review of Spuck's latest petition does not show any claim that could not have been advanced in a previous petition. Spuck offers no new and compelling evidence of innocence need to overcome the bar for abuse of the writ. See Houck v. Stickman, 625 F.3d 88, 94-95 (3d Cir.2010(discussing the showing needed to overcome the bar for abuse of the writ); Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir.2004)(same). The petition should be dismissed for abuse of the writ.

If petitioner amends the petition to state a new, adequate, claim, and explains why it could not have presented earlier, the amended petition should be transferred to the Court of Appeals as a request for leave to proceed with a second or successive petition under 28 U.S.C.§ 2244(b)(3).

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 3 January 2013

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

> Daniel Luke Spuck CZ-4285
> S.R.C.F. Mercer
> 801 Butler Pike
> Mercer, PA 16137